UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
Morgan Patrick McMahon an infant under the age of
fourteen years, by RAQUEL RODRIGUEZ MCMAHON,
his mother and Natural Guardian, and RAQUEL
RODRIQUEZ MCMAHON, individually,

                          Plaintiffs,

          - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, DETECTIVE JAMES CRAWFORD, i
in his individual and official capacity, POLICE OFFICER
JOHN CITARELLA,  in his individual and official capacity,
POLICE OFFICER MICHAEL BENTIVEGNA, in his
individual and official capacity,

                          Defendants.
--------------------------------------------------------------------x

Docket No. CV-15-666
(LDW)(ARL)

**AMENDED ANSWER**
**JURY TRIAL DEMAND**

          The defendants, COUNTY OF NASSAU and NASSAU COUNTY POLICE

DEPARTMENT appearing herein by their attorney, CARNELL T. FOSKEY, County

Attorney of Nassau County, JAMES R. SCOTT, Deputy County Attorney, for their amended

answer to the amended complaint herein, sets forth upon information and belief, as follows:

                    <u>**AS AND FOR AN ANSWER TO PRELIMINARY STATEMENT:**</u>

          1. Since no allegation is made no response is required in paragraph numbered 1 of

the amended complaint.

          2**.**  Deny upon information and belief, allegations contained in paragraph numbered 2

of the amended complaint.

          3. Deny upon information and belief, allegations contained in paragraph numbered 3

of the amended complaint.

4.  Deny upon information and belief, allegations contained in paragraph numbered 4 of the amended complaint.

5.  Deny upon information and belief, allegations contained in paragraph numbered 5 of the amended complaint.

6. Deny upon information and belief, allegations contained in paragraph numbered 6 of the amended complaint.

7.  Deny upon information and belief, allegations contained in paragraph numbered 7 of the amended complaint.

8. Deny upon information and belief, allegations contained in paragraph numbered 8 of the amended complaint.

9.  Deny upon information and belief, allegations contained in paragraph numbered 9 of the amended complaint.

10.  Deny each and every allegation contained in paragraph numbered 10 except admit that a paper purporting to be a notice of Claim was received by the office of the County Attorney and that 30 days have elapsed and that the matter has not been settled.

11.  Deny each and every allegation contained in paragraph numbered 11 except admit that a paper purporting to be a notice of Claim was received by the office of the County Attorney and that 30 days have elapsed and that the matter has not been settled.

12.  Denies each and every allegation contained in the amended complaint, marked and designated as paragraph 12, but leaves all questions of law to the Court.

### AS AND FOR AN ANSWER TO JURISDICTION AND VENUE:

13. Since no allegation is made no response is required in paragraph numbered 13 of the amended complaint.

14. Since no allegation is made no response is required in paragraph numbered 14 of the amended complaint.

15. Since no allegation is made no response is required in paragraph numbered 15 of the amended complaint.

## AS AND FOR AN ANSWER TO SECTION: PARTIES

16. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 16 of the amended complaint.

17. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 17 of the amended complaint.

18. Admit allegations contained in paragraph 18 of the amended complaint.

19. Deny upon information and belief, allegations contained in paragraph numbered 19 of the amended complaint.

20. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 20 of the amended complaint.

21. Denies each and every allegation contained in the amended complaint, marked and designated as paragraph 21, but leaves all questions of law to the Court.

22. Denies each and every allegation contained in the amended complaint, marked and designated as paragraph 22, but leaves all questions of law to the Court.

## AS AND FOR AN ANSWER TO SECTION: FACTUAL ALLEGATIONS

23. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 23 of the amended complaint.

24. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 24 of the amended complaint.

25.   Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 25 of the amended complaint.

26.   Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 26 of the amended complaint.

27.   Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 27 of the amended complaint.

28.   Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 28 of the amended complaint.

29.   Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 29 of the amended complaint.

30. Admit allegations contained in paragraph 30 of the amended complaint.

31.   Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 31 of the amended complaint.

32**.**  Deny upon information and belief, allegations contained in paragraph numbered 32 of the amended complaint.

33. Deny upon information and belief, allegations contained in paragraph numbered 33 of the amended complaint.

34.  Deny upon information and belief, allegations contained in paragraph numbered 34 of the amended complaint.

35. Deny upon information and belief, allegations contained in paragraph numbered 35 of the amended complaint.

36.  Deny upon information and belief, allegations contained in paragraph numbered 36 of the amended complaint.

37. Deny upon information and belief, allegations contained in paragraph numbered 37 of the amended complaint.

38. Deny upon information and belief, allegations contained in paragraph numbered 38 of the amended complaint.

39. Deny upon information and belief, allegations contained in paragraph numbered 39 of the amended complaint.

40. Deny upon information and belief, allegations contained in paragraph numbered 40 of the amended complaint.

41. Deny upon information and belief, allegations contained in paragraph numbered 41 of the amended complaint.

42. Deny upon information and belief, allegations contained in paragraph numbered 42 of the amended complaint.

43. Deny upon information and belief, allegations contained in paragraph numbered 43 of the amended complaint.

44. Deny upon information and belief, allegations contained in paragraph numbered 44 of the amended complaint.

45. Deny upon information and belief, allegations contained in paragraph numbered 45 of the amended complaint.

46. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 46 of the amended complaint.

47. Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 47 of the amended complaint.

48.   Denies knowledge or information thereof sufficient to form a belief as to each and every allegation contained in paragraph numbered 48 of the amended complaint.


49. Deny upon information and belief, allegations contained in paragraph numbered 49 of the amended complaint.

50.  Deny upon information and belief, allegations contained in paragraph numbered 50 of the amended complaint.

51. Deny upon information and belief, allegations contained in paragraph numbered 51 of the amended complaint.

52.  Deny upon information and belief, allegations contained in paragraph numbered 52 of the amended complaint.

53. Deny upon information and belief, allegations contained in paragraph numbered 53 of the amended complaint.

54.  Deny upon information and belief, allegations contained in paragraph numbered 54 of the amended complaint.

55. Deny upon information and belief, allegations contained in paragraph numbered 55 of the amended complaint.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 – EXCESSIVE USE OF FORCE:

56. Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 56 of the amended complaint with the same force and effect as if fully set forth at length herein.

57.  Deny upon information and belief, allegations contained in paragraph numbered 57 of the amended complaint.

58. Deny upon information and belief, allegations contained in paragraph numbered 58 of the amended complaint.

59. Deny upon information and belief, allegations contained in paragraph numbered 59 of the amended complaint.

60. Deny upon information and belief, allegations contained in paragraph numbered 60 of the amended complaint.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 – MUNICIPAL LIABILITY:**

61. Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 61 of the amended complaint with the same force and effect as if fully set forth at length herein.

62. Deny upon information and belief, allegations contained in paragraph numbered 62 of the amended complaint.

63. Deny upon information and belief, allegations contained in paragraph numbered 63 of the amended complaint.

64. Deny upon information and belief, allegations contained in paragraph numbered 64 of the amended complaint.

65. Deny upon information and belief, allegations contained in paragraph numbered 65 of the amended complaint.

66. Deny upon information and belief, allegations contained in paragraph numbered 66 of the amended complaint.

67. Deny upon information and belief, allegations contained in paragraph numbered 67 of the amended complaint.

68. Deny upon information and belief, allegations contained in paragraph numbered 68 of the amended complaint.

69. Deny upon information and belief, allegations contained in paragraph numbered 69 of the amended complaint.

70. Deny upon information and belief, allegations contained in paragraph numbered 70 of the amended complaint.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 – ALTERNATE LIABILITY:

71. Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 71 of the amended complaint with the same force and effect as if fully set forth at length herein.

72. Deny upon information and belief, allegations contained in paragraph numbered 72 of the amended complaint.

73. Denies each and every allegation contained in the amended complaint, marked and designated as paragraph 73, but leaves all questions of law to the Court.

74. Deny upon information and belief, allegations contained in paragraph numbered 74 of the amended complaint.

75. Deny upon information and belief, allegations contained in paragraph numbered 75 of the amended complaint.

## AS AND FOR A FOURTH COUNT
### NEGLIGENCE PENDENT JURISDICTION:

76. Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 76 of the amended complaint with the same force and effect as if fully set forth at length herein.

77. Deny upon information and belief, allegations contained in paragraph numbered 77 of the amended complaint.

78. Deny upon information and belief, allegations contained in paragraph numbered 78 of the amended complaint.

79. Deny upon information and belief, allegations contained in paragraph numbered 79 of the amended complaint.

80. Deny upon information and belief, allegations contained in paragraph numbered 80 of the amended complaint.

**AS AND FOR A FIFTH COUNT**
**BATTERY PENDENT JURISDICTION:**

81. Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 81 of the amended complaint with the same force and effect as if fully set forth at length herein.

82. Deny upon information and belief, allegations contained in paragraph numbered 82 of the amended complaint.

83. Deny upon information and belief, allegations contained in paragraph numbered 83 of the amended complaint.

84. Deny upon information and belief, allegations contained in paragraph numbered 84 of the amended complaint.

85. Deny upon information and belief, allegations contained in paragraph numbered 85 of the amended complaint.

86. Deny upon information and belief, allegations contained in paragraph numbered 86 of the amended complaint.

87. Deny upon information and belief, allegations contained in paragraph numbered 87 of the amended complaint.

**AS AND FOR A SIXTH COUNT**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PENDENT JURISDICTION:**

88. Repeats, reiterates and realleges each and every denial hereinabove set forth with respect to the paragraphs referred to in paragraph numbered 88 of the amended complaint with the same force and effect as if fully set forth at length herein.

89. Deny upon information and belief, allegations contained in paragraph numbered 89 of the amended complaint.

90. Deny upon information and belief, allegations contained in paragraph numbered 90 of the amended complaint.

91. Deny upon information and belief, allegations contained in paragraph numbered 91 of the amended complaint.

92. Deny upon information and belief, allegations contained in paragraph numbered 92 of the amended complaint.

**AFFIRMATIVE DEFENSES:**

**AS AND FOR COUNTY DEFENDANTS' FIRST AFFIRMATIVE DEFENSE:**

93. Plaintiff's amended complaint and each and every claim set forth therein, fails to state a claim upon which relief can be granted.

**AS AND FOR COUNTY DEFENDANTS' SECOND AFFIRMATIVE DEFENSE:**

94. The alleged acts or omissions of the named Defendants herein, and/or any agents, servants or employees, under the case of *Monell v. New York City Department of*

*Social Services*, 436 U.S. 658 (1978), do not create vicarious liability against the County of Nassau pursuant to the doctrine of respondent superior and consequently the County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR COUNTY DEFENDANTS' THIRD AFFIRMATIVE DEFENSE:

95.     The actions complained of herein were in full accord with the applicable law.

## AS AND FOR COUNTY DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE:

96.     County defendants have not violated plaintiff's Constitutional and statutory rights.

## AS AND FOR COUNTY DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE:

97.     That at all times herein mentioned and mentioned in the amended complaint, the police officers, peace officers and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the plaintiff were in the performance of their respective duties as police officers, peace officers and/or agents, servants or employees of the defendant County of Nassau; that all of the acts performed by each police officer, peace officer, and/or agent, servant or employee of the defendant County of Nassau in connection with the plaintiff were performed in good faith, without malice, and with reasonable and proper cause.

## AS AND FOR COUNTY DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE:

98.     Plaintiff's claims are barred by the applicable statutes of limitation.

## AS AND FOR COUNTY DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE:

99.     Plaintiff has failed to exhaust her administrative remedies.

## AS AND FOR COUNTY DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE:

100.     The County of Nassau, its agencies, departments and employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

## AS AND FOR COUNTY DEFENDANTS' NINTH AFFIRMATIVE DEFENSE:

101.     That should plaintiff recover damages as a result of a finding of liability in whole or in part against county defendants, such recovery should be reduced and diminished to the degree of comparative negligence of plaintiff in contributing to such damage.

## AS AND FOR COUNTY DEFENDANTS' TENTH AFFIRMATIVE DEFENSE:

102.     That if the plaintiff sustained the damages as alleged in the amended complaint, such damages were sustained solely through and by virtue of the negligent reckless and/or wrongful conduct of the plaintiff without any negligence reckless and/or wrongful conduct of the defendant Nassau County, its agents servants or employees contributing thereto.

## AS AND FOR COUNTY DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE:

103.     Plaintiff has failed to mitigate damages in this matter.

## AS AND FOR COUNTY DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE:

104.     Punitive damages may not be recovered against the County of Nassau as a matter of law.

## AS AND FOR COUNTY DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE:

105.    Nassau County Police Department is not a suable entity.


## AS AND FOR COUNTY DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE:

106.    Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the

General Municipal Law of the State of New York.

**WHEREFORE**, County Defendants respectfully request an Order dismissing the

amended complaint with prejudice and such other and further relief as this Court deems

just and proper.

Dated:  Mineola, New York
        June 3, 2016

                                        Yours, etc.,

                                        CARNELL T. FOSKEY
                                        Nassau County Attorney

                                        *James R. Scott*

                            By:         _____
                                        JAMES R. SCOTT
                                        Deputy County Attorney
                                        Attorney for County Defendants
                                        One West Street
                                        Mineola, New York 11501
                                        516-571-0511